IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL A. FROST, | CV 15–124–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| BNSF RAILWAY COMPANY, | |
| Defendant. | |

Before the Court are parties' cross-motions regarding the admissibility of evidence concerning the Personal Performance Index, Incentive Compensation Plan, and the OSHA Accord.

Review of the evidence regarding the Incentive Compensation Plan shows it is not relevant to this case. For instance, there is no individual calculation for each BNSF manager that factors into the Incentive Compensation Plan; instead, the Plan applies to all managers and scheduled employees. This system-wide effect, coupled with the complexity of the calculations in the Plan and the scale at which it is used to make compensation decisions (200,000 work hours) show the Plan has limited, if any, relevance to the motivations of the BNSF managers in charge of Frost's discipline, Rule 401, which does not outweigh the cumulative and

confusing effect introduction of the Plan would have, Rule 403.

Nor is BNSF's Personal Performance Index policy sufficiently relevant here. First, the PPI has been discontinued following the OSHA Accord. Second, there is no evidence of any points or remedial training being assessed to the plaintiff. Third, BNSF did not use the Personal Performance Index for discipline. Personal Performance Index is of limited relevance under Rule 401, and, like the Incentive Compensation Plan, would introduce redundancy and confusion in this case, Rule 403.

Finally, the OSHA Accord is also not relevant to this case. The Accord's purported relevance hinges on demonstrating the ill-intent toward Mr. Frost on the part of the BNSF managers who directed his discipline. However, Mr. Frost was not party to the Accord, and, because no evidence shows the Personal Performance Index and Compensation Plan affected Mr. Frost's discipline, the Accord does not touch on facts relevant to this case.

According, IT IS ORDERED that BNSF's motion (Doc. 110) is GRANTED. Evidence concerning the Incentive Compensation Plan, Personal Performance Index, and OSHA Accord is excluded from trial.

DATED this 14th day of December, 2016.


_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT