INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so when the case began.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. 2

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

When a party has the burden of proving any defense by clear and convincing evidence, it means you must be persuaded by the evidence that the defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence; and

3.    any facts to which the lawyers have agreed.

## INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may have been received only for a limited purpose; if I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.   Anything you may have seen or heard when the court was not in session

is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  You may also use your common sense and life's experience in deciding what to believe.

INSTRUCTION NO. 8

You have heard testimony from expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 9

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 10

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved:

1.      BNSF is a corporation headquartered at 2650 Lou Menk Drive in Fort Worth, TX.

2.      BNSF is engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states, and is engaged in interstate railroad commerce.

3.      BNSF operates freight trains in Montana.

4.      Plaintiff was working with a steel gang near Brimstone, Montana on April 18, 2012.

5.      Plaintiff was served with a Notice of Investigation dated April 20, 2012.

6.      Robert Rindy, a Division Engineer in Montana at the time, decided that a Notice of Investigation should be issued to Mr. Frost.

7.      The April 20, 2012 Notice of Investigation informed Plaintiff that, among other things, "[a]n investigation has been scheduled . . . for the purpose of

ascertaining the facts and determining your responsibility, if any, in connection with your alleged fouling the track" on April 18, 2012.

8.     Video of the April 18, 2012 incident was recovered from the locomotive on April 20, 2012 and received at BNSF's headquarters in Fort Worth Texas on April 23, 2012.

9.     Plaintiff completed a BNSF employee personal injury / occupational illness report dated April 23, 2012.

10.    In the April 23, 2012 injury report, Plaintiff described injuries suffered on April 18, 2012 as "PTSD following [a] traumatic incident."

11.    Plaintiff provided his injury report dated April 23, 2012 to Defendant.

12.    The hearing described in the April 20, 2012 Notice of Investigation was held on July 11, 2012 in Havre, Montana.

13.    The Notice of Investigation and investigatory hearing are required under Plaintiff's collectively bargained-for employment agreement with Defendant.

14.    Plaintiff's July 11, 2012 investigatory hearing was presided over by Dave Nilsen, a Roadmaster for BNSF.

15.     Plaintiff was notified of the outcome of the July 11, 2012 investigative hearing in a letter dated August 9, 2012.

16.     In the August 9, 2012 letter, Plaintiff was notified that as a result of the July 11, 2012 hearing, he was found in violation of Maintenance of Way Rule ("MOWOR") 1.20 Alert to Train Movement and MOWOR 12.1 Occupying Track Adjacent to Live Tracks on April 18, 2012 and assessed a 30-day record suspension and 36-month review period.

17.     Plaintiff filed a claim with the Occupational Safety and Health Administration ("OSHA") on October 9, 2012.

18.     Plaintiff was served with a Notice of Investigation dated November 12, 2012.

19.     The November 12, 2012 Notice of Investigation informed Plaintiff that an investigatory hearing was scheduled "for the purpose of ascertaining the facts and determining your responsibility, if any, in connection with your alleged fouling main track without knowledge of any track authority by setting onto main track BNSF 23001 Grapple Truck and then questioning what the authority was after the fact, at MP 723.8 near Parkman, WY at approximately 1015 hours on Thursday, November 8, 2012[.]"

20.     Plaintiff's investigatory hearing regarding the November 8, 2012 allegations was held on January 30, 2013.

21.     The January 30, 2013 hearing was presided over by William Badenhoop, a Trainmaster for BNSF.

22.     Plaintiff was sent a letter dated February 22, 2013 informing him that he was "dismissed effective immediately from employment with the BNSF Railway Company for fouling main track without knowledge of any track authority by setting onto main track with BNSF 23001 Grapple Truck and then questioning what the authority was after the fact, at MP 723.8 near Parkman, WY at approximately 1015 hours on Thursday, November 8, 2012[.]"

23.     The February 22, 2013 letter to Plaintiff also stated that, in determining Plaintiff's discipline, "consideration was given to [Plaintiff's] personnel record and the discipline assessed in accordance with the BNSF Policy for Employee Performance and Accountability (PEPA)."

24.     On May 17, 2013, Defendant reinstated Plaintiff with back pay.

25.     The discipline related to the April 18, 2012 incident was removed from Plaintiff's employment record.

26.     Plaintiff amended his OSHA Complaint in January 2014.

27.     Plaintiff was reinstated with back pay in May 2013, and thus does not have a claim for wage loss.

28.     As a result of the April 18, 2012 near-hit incident, and after waiving his right to an investigation, Gary Schultz was given a Level S 30-Day Record Suspension.  In addition, he was placed on a Three Year Review Period.  It was determined Mr. Schultz had been in violation of MOWOR 1.20 - Alert to train Movement, and MOWOR 12.1 - Occupying Track Adjacent to Live Tracks.

29.     Mr. Schultz was disciplined a second time for another incident weeks later involving the relase of track authority around Memorial Day 2012.  As a result of the second incident, Gary Schultz was given a 10-day Suspension, and had his foreman's rights revoked for five years.  It was determined Mr. Schultz had been in violation of a rule relating to track authority and release of track authority.

INSTRUCTION NO. 11

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

INSTRUCTION NO. 12

The plaintiff brings a claim under the Federal Rail Safety Act.  In order to prevail on this claim, the plaintiff must prove by a preponderance of the evidence each of the four required elements:

1. he engaged in some activity protected by the Federal Rail Safety Act in good faith;

2. the defendant knew or perceived that the plaintiff engaged in the protected activity;

3. the defendant subjected the plaintiff to an adverse employment action or actions; and

4. the plaintiff's protected activity was a contributing factor to one or more of the adverse employment actions.

If the plaintiff proves these four elements, the defendant can avoid liability if it proves by clear and convincing evidence that it would have taken the same adverse employment actions in the absence of the plaintiff's protected activity.

INSTRUCTION NO. 13

"Protected activity" under the Federal Rail Safety Act includes:

1. Reporting a work-place injury;

2. Reporting a work-place safety hazard or violation;

3. Seeking medical treatment due to a work-place injury; or

4. Filing a claim with the Occupational Safety and Health Administration ("OSHA") alleging retaliation for reporting a workplace injury or safety violation, or seeking medical treatment due to a workplace injury.

INSTRUCTION NO. 14

An "adverse employment action" is any materially adverse change in the terms or conditions of employment because of the employer's actions.  This includes discharge, demotion, suspension, or reprimand.

INSTRUCTION NO. 15

A "contributing factor" is anything which, alone or in connection with other matters, affected in any way any adverse employment decision by the BNSF concerning Frost. The contributing factor standard may be satisfied by circumstantial evidence, which may include temporal proximity, indications of pretext, inconsistent application of the employer's policies, shifting explanations for the employer's actions, antagonism or hostility toward a complainant's protected activity, the falsity of an employer's explanation for the adverse action, or a change in the employer's attitude toward the complainant after he engaged in protected activity.

INSTRUCTION NO. 16

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  Here, the plaintiff is not making a claim for lost wages or earnings.  The plaintiff is making a claim for emotional distress damages.  In determining the measure of the plaintiff's damages, you should consider the following:

1. The mental and emotional pain and suffering experienced by the plaintiff, and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.  If damages are awarded they must be reasonable.

INSTRUCTION NO. 17

The plaintiff's recovery of damages, if any, in this case is limited to damages arising from any alleged adverse employment actions. The plaintiff may not receive damages for the near-miss incident. The plaintiff must prove by a preponderance of the evidence that the emotional distress damages he seeks were caused by an adverse employment action.

INSTRUCTION NO. 18

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

## INSTRUCTION NO. 19

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that the defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, you may consider the degree of reprehensibility of the defendant's conduct.

INSTRUCTION NO. 20

BNSF cannot be held liable under the Federal Rail Safety Act if you conclude that defendant terminated plaintiff's employment based on its honestly held belief that plaintiff engaged in the conduct for which he was disciplined.

INSTRUCTION NO. 21

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 22

A verdict form has been prepared for you.  After you have reached

unanimous agreement on a verdict, your presiding juror should complete the

verdict form according to your deliberations, sign and date it, and advise the bailiff

that you are ready to return to the courtroom.

INSTRUCTION NO. 23

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the  parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.