IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL A. FROST,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | CV 15–124–M–DWM<br><br>OPINION and<br>ORDER |

At the settlement of jury instructions on January 15, 2020, the Court reserved ruling on various instructions proposed by the parties. Specifically, the Court reserved ruling on Plaintiff Michael A. Frost's proposed instruction on the indivisibility of injury and on Defendant BNSF Railway Company's proposed instructions regarding comparator evidence, intervening events, and its honest belief that a rules violation had occurred. For the following reasons, the proposed instructions are refused.

## ANALYSIS

### I. Indivisibility Instruction

Frost requested a jury instruction on the indivisibility of injury and apportionment of damages, citing *Truman v. Montana Eleventh Judicial District*

*Court*, 68 P.3d 654 (Mont. 2003). (Doc. 243.) "An 'indivisible injury' occurs when more than one incident contributes to a single injury and there is no logical or rational basis for dividing that injury." *Id.* at 659. If a plaintiff establishes that the defendant's conduct was a cause of an indivisible injury, the burden shifts to the defendant to prove that the injury is divisible. *Id.* The indivisibility doctrine ensures that victims do not go uncompensated where there are difficulties in proving which tortious act caused the harm. *Id.*

Whether an indivisibility instruction is appropriate depends on the record in each case. *Id.* at 659–60. "[T]he trial judge serves 'a critical function in assessing the evidence at the end of the case before he instructs the jury' to minimize the risk of an arbitrary or speculative apportionment of damages where the acts of multiple parties combined to produce a single injury." *Id.* at 659 (quoting *Azure v. City of Billings*, 596 P.2d 460, 471 (Mont. 1979)). However, an indivisibility instruction is not proper where "the evidence is such that harm can with reasonable certainty be divided among several causes." *Id.* (quoting *Azure*, 596 P.2d at 471).

Here, an indivisibility instruction is not warranted for three reasons. First, the record shows that the injuries caused by the near-miss and the subsequent discipline can be reasonably apportioned. Specifically, Laci Bogden testified that Frost responded differently to the near-miss than he did to the discipline. Frost's argument to the contrary depends entirely on Dr. William Stratford's testimony

2

that he is not able to distinguish between the events for purposes of diagnosing PTSD. But the jury is being asked to decide the cause of Frost's emotional distress, which is a separate and much broader question than what led to a specific medical diagnosis. Accordingly, Dr. Stratford's testimony does not necessitate an indivisibility instruction.

Second, *Truman* and the cases cited within address the situation where multiple tortfeasors contribute to a single injury. *See id.* at 658–60. That is not the case here. Frost has implied that BNSF—not some absent third-party—is liable for the near-miss. For example, he questioned witnesses about whether the train should have been traveling at track speed on the day of the incident and whether his supervisor Gary Schultz properly communicated the track authority. Unlike *Truman*, this is not a case with multiple tortfeasors.

Finally, Frost could have filed a claim against BNSF for the near-miss under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51. Accordingly, this is not a case where the victim of a tort would be unable to recover because of issues with proof about the cause of an injury. Rather, Frost's bar to recovery for the near-miss is his failure to bring a FELA claim. As Frost argues, applying common law principles to statutory causes of action is not novel. However, the common law indivisibility doctrine is fundamentally meant to protect victims who otherwise would be unable to recover. Frost's ability to recover from BNSF for

3

the near-miss under FELA undermines the applicability of the indivisibility doctrine to this case.

## II. Comparator Evidence Instruction

BNSF requested a jury instruction on the use of comparator evidence to prove retaliation. (Doc. 219 at 7.) Specifically, BNSF wanted an instruction that employees in supervisory positions are generally not similarly situated to non-supervisory employees for purposes of proving retaliation based on differential treatment. BNSF may argue that differential treatment of supervisors and non-supervisors is warranted and that based in part or in whole on Frost's tenure, he would have been fired regardless of his protected activity and his supervisor Gary Schultz would not have been. However, such arguments are contemplated by the affirmative defense available to BNSF and a separate instruction is unnecessary.

## III. Intervening Event Instruction

BNSF also requested a jury instruction that where an intervening event independently justifies the discipline, the causal link between the protected activity and adverse employment action is severed. (Doc. 219 at 8.) However, if an intervening event breaks the causal chain, the earlier event would no longer be a contributing factor. Accordingly, this situation is covered by the instruction defining contributing factor and a separate instruction is unnecessary.

## IV. Honest Belief Instruction

Finally, BNSF requested a jury instruction that it can establish its affirmative defense by showing it took the adverse employment action solely based on an honest belief that Frost violated a rule. (Doc. 219 at 10.) BNSF contended the addition of the word "solely" addresses the Ninth Circuit's concerns with the honest belief instruction. *See Frost v. BNSF Ry. Co.*, 914 F.3d 1189, 1196–97 (9th Cir. 2019). However, if BNSF disciplined Frost *solely* because of its honest belief that he violated a rule, then his protected activity would not have contributed to the discipline. BNSF's honest belief is thus covered by the contributing factor instruction and a separate instruction is not warranted.

## CONCLUSION

Accordingly, IT IS ORDERED that Frost's proposed jury instruction regarding the indivisibility of injury (Doc. 243) is REFUSED.

IT IS FURTHER ORDERED that BNSF's proposed jury instructions regarding comparator evidence, intervening events, and its honest belief that a rules violation occurred (Doc. 219 at 7, 8, 10) are REFUSED.

DATED this 16th day of January, 2020.

Donald W. Molloy, District Judge
United States District Court